UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA MITCHELL,<br><br>   Plaintiff,<br><br>   v.<br><br>VERONIQUE N. BIKOBA, et al.<br><br>   Defendants. | No. 2:20-cv-02410-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Krista Mitchell's ("Plaintiff") *Ex Parte* Application for Temporary Restraining Order ("TRO") (ECF No. 1) and Motions to Proceed in Forma Pauperis (ECF Nos. 3, 5). For the reasons set forth below, the Court DENIES Plaintiff's motions and DISMISSES this action.

///
///
///
///
///
///
///
///

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On September 11, 2020, Defendants Veronique N. Bikoba ("Bikoba"), Thomas F. Rutaganira ("Rutaganira"), Keith M. Banks ("Banks"), and Pakpour Banks LLP (collectively, "Defendants") filed an unlawful detainer action against Plaintiff in Yolo County Superior Court.[1] (ECF No. 6-10 at 1.)  On December 4, 2020, Plaintiff filed a Complaint in this Court challenging the unlawful detainer action.  (ECF No. 2.)  Plaintiff asserts that on September 4, 2020, the Centers for Disease Control and Prevention ("CDC") issued a federal order, known as Agency Order 55292, which temporarily halted residential evictions to prevent the further spread of COVID-19.  (*Id.* at 2.)  Plaintiff argues that Defendants' unlawful detainer action violates Agency Order 55292.  (*Id.*)  Plaintiff also filed the instant *ex parte* application for a TRO on December 4, 2020, seeking to enjoin Defendants from proceeding with the unlawful detainer action.  (ECF No. 1-3 at 2, 11.)

**II.    STANDARD OF LAW**

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.  Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555

---

[1] Only Defendant Rutaganira is listed as a plaintiff in the unlawful detainer complaint.  (*See* ECF No. 6-10.)  However, Plaintiff alleges the Defendants are prosecuting the unlawful detainer action collectively.  (*See* ECF No. 2 at 12–14.)  Because Plaintiff refers to Defendants collectively throughout the Complaint and TRO, the Court will do the same in this Order.

2

U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely *to preserve the relative positions* of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *see also Costa Mesa City Employee's Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted). In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply. *Schrier v. University of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005). Preliminary injunction is not automatically denied simply because the movant seeks to alter the status quo, but instead the movant must meet heightened scrutiny. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, Plaintiff must demonstrate, "that [if] *serious* questions going to the merits were raised [then] the balance of hardships [must] tip[] *sharply* in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35 (emphasis added).

///

3

### III.  ANALYSIS

For the reasons stated below, the Court concludes Plaintiff has not established that this Court has subject matter jurisdiction. Even if the Court had subject matter jurisdiction, the first two *Winter* factors do not support granting injunctive relief. Thus, the Court need not and does not address the remaining factors. *See Alliance*, 632 F.3d at 1135 (stating that the *Winter* test requires a plaintiff to "make a showing on all four prongs").

#### A.  Subject Matter Jurisdiction

"Federal district courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and Statute, which is not to be expanded by judicial decree." *City of Oakland v. Holder*, 901 F. Supp. 2d 1188, 1191 (N.D. Cal. 2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotations omitted). The burden of establishing that a federal court has jurisdiction over a particular controversy rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377. A federal district "court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)). If, at any time during the course of the litigation, the "court concludes that it lacks subject matter jurisdiction, the complaint must be dismissed." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 502 (2006); Fed. R. Civ. P. 12(h)(3).

Plaintiff seems to allege the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Defendants' unlawful detainer action violates Agency Order 55292. (ECF No. 2 at 2.) The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). Federal question jurisdiction therefore cannot be based on a defense, counterclaim, crossclaim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

It is unclear whether Plaintiff intends to bring her claims pursuant to Agency Order 55292. Regardless, while Agency Order 55292 imposes criminal penalties that can be enforced by

4

1  federal, state, and local authorities, it does not appear to create a private right of action that could
2  serve as the basis for federal question jurisdiction.  (*See* ECF No. 1-6); *see also* 28 U.S.C. § 1331
3  ("The district courts shall have original jurisdiction of all *civil actions* arising under the
4  Constitution, laws, or treaties of the United States.") (emphasis added).

5  Moreover, although Plaintiff also cites § 1983, she fails to present a viable § 1983 claim.
6  "Title 42 U.S.C. § 1983 provides a cause of action for the 'deprivation of any rights, privileges, or
7  immunities secured by the Constitution and laws' of the United States." *Long v. Cnty. of Los*
8  *Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  "To state a claim under § 1983, a plaintiff must
9  allege two elements: (1) that a right secured by the Constitution or laws of the United States was
10 violated, and (2) that the alleged violation was committed by a person acting under the color of
11 State law."  *Id.*  As discussed, Agency Order 55292 does not expressly establish any actionable
12 civil rights under the Constitution or federal law.  Further, none of the named Defendants are state
13 actors: Rutaganira and Bikoba are the property owners of the subject property; Banks is an
14 attorney who represents the property owners; and Pakpour Banks, LLP is a private entity that
15 represents the property owners.  (ECF No. 2 at 12–14.)

16 Lastly, Plaintiff vaguely cites Supremacy Clause.  Although "federal courts have
17 entertained suits seeking to enjoin state officials from implementing state legislation allegedly
18 preempted by federal law," that is not the situation here.  *Indep. Living Ctr. of S. California, Inc.*
19 *v. Shewry*, 543 F.3d 1050, 1062 (9th Cir. 2008).  Plaintiff is not seeking to enjoin *state officials*
20 from implementing state legislation — instead, she is seeking to enjoin private individuals from
21 acting pursuant to state law.

22 It is Plaintiff's burden to establish the Court has subject matter jurisdiction.  *See*
23 *Kokkonen*, 511 U.S. at 377.  Plaintiff has not met her burden.  As a whole, Plaintiffs allegations
24 and arguments lack clarity.  It seems Plaintiff brought this action in a roundabout attempt to
25 effectively remove the unlawful detainer action to federal court, even though the unlawful
26 detainer action is grounded solely in state law.  (*See* ECF No. 6-10.)  Indeed, Plaintiff's "claims"
27 in the instant case are essentially defenses to the unlawful detainer action.  As discussed, even if
28 Plaintiff argues a viable defense based on federal question, the Court does not have federal

question jurisdiction unless a "federal question is presented on the face of [Plaintiff's] properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; *Hunter*, 582 F.3d at 1042–43.

For all these reasons, Plaintiff fails to meet her burden to establish this Court has subject matter jurisdiction over her claims. Accordingly, the Court DISMISSES the action.

### B.  Likelihood of Success on the Merits

Even if this Court had subject matter jurisdiction, Plaintiff has not shown she is likely to succeed on the merits of her claims. Plaintiff's claims stem from Defendants' alleged violation of Agency Order 55292. However, Agency Order 55292 does not create a private right of action — it imposes criminal penalties to be enforced by federal, state, and local authorities. In addition, Plaintiff fails to present a plausible § 1983 or preemption claim for the reasons already discussed. Therefore, Plaintiff fails to demonstrate she is likely to succeed on the merits of her claims. *See Winter*, 555 U.S. at 20.

### C.  Irreparable Harm

Finally, Plaintiff fails to show immediate and irreparable harm for two reasons. First, Defendants filed the unlawful detainer action in state court on September 11, 2020, yet Plaintiff filed the instant TRO nearly three months later. Plaintiff fails to explain why she waited almost three months to seek "emergency relief" rather than seek a preliminary injunction during that time. Such delay contradicts Plaintiff's allegations of irreparable injury and is grounds for denying the TRO pursuant to the Court's Local Rules. *See* E.D. Local Rule 231(b). Second, Plaintiff has not provided sufficient information regarding the timeframe for her eviction. The Court therefore has no way of knowing when Plaintiff will be evicted, if at all. As such, Plaintiff's alleged harm is too speculative at this time. *See Alliance*, 632 F.3d at 1131 ("Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.").

Because Plaintiff has failed to show a likelihood of success and irreparable harm, the Court need not address the other two *Winter* factors. *See Winter*, 555 U.S. at 20; *Alliance*, 632 F.3d at 1135 (*Winter* requires a plaintiff to make a showing on all of the *Winter* factors). Accordingly, the Court DENIES Plaintiff's *ex parte* application for a TRO.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that injunctive relief is not appropriate. Moreover, the Court *sua sponte* dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. As such, it is hereby ORDERED as follows:

1. Plaintiff's *Ex Parte* Application for a TRO (ECF No. 1) is DENIED;
2. Plaintiff's Complaint (ECF No. 2) is DISMISSED;
3. Plaintiff's Motions to Proceed in Forma Pauperis (ECF Nos. 3, 5) are DENIED as moot; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: December 8, 2020

Troy L. Nunley
United States District Judge

7